```
              UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF MISSISSIPPI,
                    WESTERN DIVISION
```

CAROLYN BAILEY                                          PLAINTIFF

VERSUS                          CIVIL ACTION NO. 5:07cv196-DCB-JMR

COOPER LIGHTING, INC.
and CHARLES BALDWIN                                    DEFENDANTS

**OPINION & ORDER**

This matter comes before the Court on the defendants' Motion to Dismiss [**docket entry no. 8**]. Having considered said Motion, memoranda in support and opposition thereof, applicable statutory and case law, and being otherwise fully advised in the premises, the Court finds and orders as follows:

**I. BACKGROUND & PROCEDURAL HISTORY**

On October 16, 2007, Carolyn Bailey, plaintiff herein, initiated a lawsuit in this Court against defendants Cooper Lighting, Inc. ("Cooper Lighting") and Charles Baldwin. In her Complaint [docket entry no. 1], the plaintiff asserts several claims arising under the Constitution and laws of the United States[1] against Cooper Lighting (her former employer) and Baldwin (Cooper Lighting's Human Resources Manager). Additionally, Bailey

---

[1] These federal claims include: quid pro quo sexual harassment, sexually hostile work environment, and retaliation, each purportedly violative of Title VII of the Civil Rights Act of 1964, and denial of the equal protection of the laws under the Equal Protection Clause of the 14th Amendment to the United States Constitution.

appends several state-law claims[2] to her complaint which purportedly arose out of the same transaction or occurrence as the federal claims. On November 21, 2007, the plaintiff filed an Amended Complaint [docket entry no. 4] in which she omits her Equal Protection Clause claim.

On November 30, 2007, the defendants filed a Motion to Dismiss [docket entry no. 8] in which they assert that, pursuant to Federal Rule of Civil Procedure 12(b)(6), the plaintiff's relevant factual averments are insufficient to state claims for wrongful termination, negligent hiring, supervision, and retention, and negligent infliction of emotional distress under Mississippi law. The defendants also submit that the plaintiff should reimburse them for the attorney fees and costs which they incurred in bringing their Motion. The plaintiff filed a Response [docket entry no. 11] to the defendants' Motion on December 14, 2007, to which the defendants replied with a Rebuttal [docket entry no. 12] on December 21, 2007. The defendants' Motion to Dismiss is now before the Court.

## II. ANALYSIS

*A. Standard for Dismissal*

"To survive a Rule 12(b)(6) motion to dismiss, the plaintiff

---

[2] These state-law claims include: intentional (or, alternatively, negligent) infliction of emotional distress, wrongful termination, negligent hiring, supervision, and retention, invasion of privacy, and defamation.

must plead 'enough facts to state a claim to relief that is plausible on its face.'" In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (quoting Bell Atl. Corp. v. Twombly, ___ U.S. ___, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007)). "'Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).'" Id.

    *B. Count IV – Wrongful Termination of Employment*

In Count IV of her amended complaint, the plaintiff pleads as follows:

> 48. Plaintiff reiterates, realleges, and incorporates herein by reference each and every allegation contained in paragraphs 1-46 as if set out here in full.
>
> 49. Plaintiff would show that the Defendant Cooper did not have just cause to terminate her employment and failure to justify the reasons for ending her employment were direct causes of Plaintiff's injuries and violation of Plaintiff's rights secured under state and federal law. Due to Defendants' conduct as set forth above, Plaintiff was unable to return to the workplace.
>
> 50. As a direct and proximate result of the Defendant Cooper's conduct described herein, Plaintiff has suffered from a loss of income and benefits, severe emotional distress and mental anxiety, for all of which she should be compensated.

(Am. Compl. ¶¶ 48-50.) The defendants argue that these factual allegations do not state a claim under Mississippi law, insofar as

Mississippi is an employment-at-will state and Ms. Bailey does not contend that she had a contract for a definite term or allege facts which would suggest the existence of the narrow McArn exception to the at-will employment doctrine.

In response, the plaintiff acknowledges that Mississippi follows the at-will employment doctrine but asserts that "she has valid grounds to bring her wrongful termination claim based upon the nature of her termination and its affect [sic] on her emotional state." (Pl.'s Resp. 4.) The plaintiff also "strongly believes that that [sic] this Court should consider the mitigating factors surrounding her termination." (Pl.'s Resp. 5.) Lastly, the plaintiff posits that the McArn illegal act reporting exception to the employment at-will doctrine is supported by her pleadings. Specifically, she points out that in ¶ 24 of the Amended Complaint she alleges that Baldwin touched her right breast in "an inappropriate and unwelcomed manner" — conduct which could constitute an assault under Mississippi law. The plaintiff suggests that she was terminated because she reported this touching to management personnel at Cooper Lighting.

In rebuttal, the defendants argue that the plaintiff wrongfully attempted to amend her complaint in her response and that the McArn illegal act reporting exception is inapplicable because it is limited to the employer's illegal conduct rather than the illegal acts of a coworker or supervisor. The defendants also

posit that Baldwin's purported conduct does not rise to the level of an criminal assault or, alternatively, even if Baldwin's action was criminal, it did not relate to the business of Cooper Lighting.

"Mississippi adheres to the employment at will doctrine, which states that 'absent an employment contract expressly providing to the contrary, an employee may be discharged at the employer's will for good reason, bad reason, or no reason at all, excepting only reasons independently declared legally impermissible.'" Harris v. Mississippi Valley State Univ., 873 So. 2d 970, 986 (Miss. 2004) (quoting Shaw v. Burchfield, 481 So. 2d 247, 253-54 (Miss. 1985)). However, under what is known as the McArn public policy exception to the at-will employment doctrine, an at-will employee may "sue for wrongful discharge where the employee is terminated because of (1) refusal to participate in illegal activity or (2) reporting the illegal activity of his employer to the employer or anyone else." Id.

Nowhere in her pleadings does the plaintiff allege the existence of an employment contract between herself and Cooper Lighting; therefore, unless the McArn exception is applicable, her claim for wrongful termination must fail inasmuch as Mississippi is an at-will state. While the plaintiff does not suggest that she was terminated for refusing to participate in illegal activity, she does allege that she was fired because she reported Baldwin's inappropriate touching to management at Cooper Lighting. (Am.

5

Compl. ¶¶ 24-30.)

The <u>McArn</u> exception is only applicable to criminally proscribed conduct. <u>Hammons v. Fleetwood Homes of Mississippi, Inc.</u>, 907 So. 2d 357, 360 (Miss. Ct. App. 2004) (for <u>McArn</u> exception to apply, "the acts complained of [must] warrant the imposition of criminal penalties, as opposed to civil penalties"); <u>Wheeler v. BL Dev. Corp.</u>, 415 F.3d 399, 404 (5th Cir. 2005); <u>Howell v. Operations Mgmt. Int'l, Inc.</u>, 77 Fed. Appx. 248, 251-52 (5th Cir. 2003) (unpublished opinion). Under Mississippi criminal statutory law,

> [a] person is guilty of simple assault if he (a) attempts to cause or purposely, knowingly or recklessly causes bodily injury to another; or (b) negligently causes bodily injury to another with a deadly weapon or other means likely to produce death or serious bodily harm; or (c) attempts by physical menace to put another in fear of imminent serious bodily harm.

MISS. CODE ANN. § 97-3-7 (Rev. 2002). The Court will assume for the moment that Baldwin's act of touching the plaintiff's breast constituted a simple assault under this statute.

The defendants urge that the <u>McArn</u> exception is only applicable to the illegal acts committed by the employer, not conduct committed by co-workers or supervisors. However, the United States Court of Appeals for the Fifth Circuit recently certified the question of "[w]hether the laws of Mississippi permit a retaliatory discharge claim for discharge in retaliation for

6

reporting a co-employee's illegal acts that relate to the employer's business[]" to the Supreme Court of Mississippi. DeCarlo v. Bonus Stores, Inc., 512 F.3d 173, 177 (5th Cir. 2007). Therefore, this Court will not say whether the McArn exception extends to the illegal acts of co-workers and supervisors.

Nevertheless, the Supreme Court of Mississippi has held that "the 'reporting of illegal acts' exception to the at-will employment doctrine has been applied only when the illegal act actually had something to do with the business itself." Jones v. Fluor Daniel Servs. Corp., 959 So. 2d 1044, 1047 (Miss. 2007). In Fluor Daniel, the plaintiffs argued that the McArn exception was satisfied inasmuch as they were terminated for reporting an illegal racial slur made by their supervisor. The slur was, according to the plaintiffs, a breach of the peace under two Mississippi criminal statutes. In affirming the circuit court's grant of summary judgment in favor of the defendants on their wrongful termination claim, the Supreme Court of Mississippi held that, even assuming that the supervisor had committed a breach of the peace, such an illegal act "had nothing to do with the business of Fluor Daniel[,]" id., and consequently did "not rise to the level necessary to fit into the very narrow exceptions to the employment at-will doctrine." Id.

Analogously, this Court is of the opinion that Baldwin's alleged simple assault upon the plaintiff cannot be said to relate

7

to or have "actually had something to do with the business" of Cooper Lighting. Id. This conclusion would prevail regardless of how the Supreme Court of Mississippi answers the aforementioned question which was certified by the Fifth Circuit in DeCarlo., inasmuch as the question presumes the "co-employee's illegal acts [] relate to the employer's business." 512 F.3d at 177. Therefore, the plaintiff's claim for wrongful termination clearly does not fall within the ambit of the McArn exception to Mississippi's at-will employment doctrine.

For these reasons, the Court holds that the plaintiff has failed to plead facts sufficient to support a plausible claim for wrongful termination under Mississippi law. Accordingly, this claim must be dismissed.

*C. Count III and V – Negligent Infliction of Emotional Distress and Negligent Hiring, Supervision, and Retention*

In Count III of the amended complaint, the plaintiff pleads as follows:

> 43. Plaintiff reiterates, realleges, and incorporates herein by reference each and every allegation contained in paragraphs 1-41 as if set out here in full.
>
> 44. Plaintiff contends that the conduct of Defendant Charles Baldwin and others and the failure of Defendant Cooper to end the appropriate conduct was outrageous and beyond decency. Defendant Baldwin's harassment, discrimination and retaliatory actions directed against Plaintiff were intentional and inflicted upon the Plaintiff severe mental and emotional distress.

> 45. Defendant Cooper had knowledge of the actions described herein, and its sanctioning and involvement in the harassment, retaliatory actions, and hostile work environment directed against Plaintiff was intentional and inflicted upon the Plaintiff severe mental and emotional distress.
>
> 46. In the alternative, Defendants' actions constituted negligent infliction of emotional distress, and Plaintiff received medical treatment as a result of Defendants' conduct. Plaintiff was also placed on medical leave for emotional distress from December 8, 2006 until January 8, 2007.
>
> 47. As a direct and proximate result of the Defendants' action described herein, Plaintiff has suffered from a loss of income and benefits, severe emotional distress and mental anxiety, for all of which she should be compensated.

(Am. Compl. ¶¶ 43-47.)

In Count V of her amended complaint, the plaintiff alleges the following:

> 51. Plaintiff reiterates, realleges, and incorporates herein by reference each and every allegation contained in paragraphs 1-49 as if set out here in full.
>
> 52. Defendant Cooper breached its duties to Plaintiff by negligently hiring, supervising and continuously retaining Defendant Charles Baldwin and others, who engage in outrageous conduct against the Plaintiff. Defendant's failure to adopt and implement policies, procedures and practices to prevent Defendant Charles Baldwin from being hired or retained by Cooper was a direct cause of Plaintiff's injuries and violation of Plaintiff's rights secured under state and federal law.
>
> 53. As a direct and proximate result of the Defendant Cooper's conduct described herein,

> Plaintiff has suffered from a loss of income and benefits, severe emotional distress and mental anxiety, for all of which she should be compensated.

(Am. Compl. ¶¶ 51-53.)

Defendant Cooper Lighting argues that all of the plaintiff's claims against it which are based upon negligence are barred by the exclusive remedy provision of the Mississippi Workers' Compensation Act, Mississippi Code Annotated §§ 71-3-1 et seq. (Rev. 2002), and should be dismissed. Defendant Baldwin also maintains that the same provision of the Act immunizes not only a plaintiff's employer but her managers and coworkers as well for any negligent acts or omissions; accordingly, any claims brought by the plaintiff against him based upon a negligence theory are barred.

In response, the plaintiff contends that her claims fall outside of the exclusivity provision of the Workers' Compensation Act because Baldwin willfully injured her while acting in the scope of his duties and the injury which she consequently suffered is not compensable under the Act. The plaintiff also claims that Cooper Lighting ratified Baldwin's conduct and is therefore vicariously liable. The defendants rebut the plaintiff's position by reiterating that all of the plaintiff's claims which sound in negligence come within the exclusive remedy provision of Mississippi's Workers' Compensation Act.

Section 71-3-9 of the Mississippi Workers' Compensation Act provides in relevant portion:

> The liability of an employer to pay compensation shall be exclusive and in place of all other liability of such employer to the employee, his legal representative, husband or wife, parents, dependents, next-of-kin, and anyone otherwise entitled to recover damages at common law or otherwise from such employer on account of such injury or death . . . .

The Supreme Court of Mississippi has long recognized that this statute "immunizes employers and co-employees for liability under common law negligence." Russell v. Orr, 700 So. 2d 619, 626 (Miss. 1997); accord Medders v. United States Fid. & Guar. Co., 623 So. 2d 979, 984 (Miss. 1993); Whitehead v. Zurich Am. Ins. Co., 348 F.3d 478, 481 (5th Cir. 2003); Rogers v. Hartford Accident & Indem. Co., 133 F.3d 309, 312 n.6 (5th Cir. 1998). Accordingly, to the extent that the allegations of the plaintiff's complaint sound in negligence against Cooper Lighting and Baldwin, they are insufficient to state a plausible claim upon which relief can be granted under Mississippi law, inasmuch as the Mississippi Workers' Compensation Act provides the exclusive remedy for the plaintiff's recovery. Therefore, the plaintiff's claims for negligent infliction of emotional distress and negligent hiring, supervision, and retention must be dismissed.

*D. Attorney Fees and Costs*

The Court finds no merit to the defendants' contention that the plaintiff brought the dismissed claims "in bad faith, vexatiously, or for the purpose of harassment." Crenshaw v. Gen. Dynamics Corp., 940 F.2d 125, 129 (5th Cir. 1991). Accordingly,

each party shall bear its own fees and costs incurred in litigating the instant Motion.

### III. CONCLUSION & ORDER

Based upon the foregoing analysis and authorities,

**IT IS HEREBY ORDERED** that the defendants' Motion to Dismiss [**docket entry no. 8**] is **GRANTED**.  The plaintiff's state-law claims for wrongful termination of employment, negligent infliction of emotional distress, and negligent hiring, supervision, and retention are dismissed with prejudice.

**SO ORDERED**, this the   24th   day of April 2008.


                                    s/ David Bramlette
                              **UNITED STATES DISTRICT JUDGE**